PER CURIAM.
The National Rifle Association of America, Inc. and Unified Sportsmen of Florida, Inc. (the “Associations”) seek a writ of certiorari to quash an order requiring that the Associations reveal names and addresses of their members who live in the City of South Miami (the “City”). We grant the petition and quash the order.
*816 The Associations (along with two other plaintiffs) filed a complaint seeking a declaration that the City’s Ordinance 14-00-1716, a gun locking device ordinance, is preempted by the laws of Florida and the United States and infringes upon the constitutional right to keep arms. The Associations also sought injunctive relief precluding enforcement of the ordinance by the City.
The City filed a motion to dismiss contending that the Associations had not demonstrated that they had any members in the City to permit them standing. The City also served notices of taking the depositions of representatives of the Associations. The notices of taking deposition required the Associations to bring to the depositions, among other things, the lists of Association members who were residents of the City. In response, the Associations filed a motion, for protective order and argued that disclosure of the identity of their members infringes on the members’ rights to associational privacy. See National Ass’n for Advancement of Colored People v. Alabama, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958).
After a hearing, the trial court entered an order requiring the Associations to produce a list of names and addresses of ten of their respective members who reside in the City. The Associations then filed this petition for writ of certiorari seeking to quash that order. In response to the petition, the City has argued that a right of privacy should not prevent disclosure where, as here, the Associations have voluntarily initiated this litigation as plaintiffs. The Associations have alleged that they have numerous members in South Miami. The City claims that it has no way to test this allegation if the Associations successfully object on the grounds of privilege.
We are not convinced that simply because the Associations filed the action as plaintiffs, they have waived their privacy rights concerning the members’ names. The discovery of the names should not have been ordered. See id. at 462, 78 S.Ct. 1163. We therefore quash the order.
We express no opinion on whether the Associations have, or will be able to establish, standing. Those issues await consideration in the first instance by the trial court.
Certiorari granted.